IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MARVIN D. SPADY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 15-992-SLR |
| | ) |
| DETECTIVE TIMOTHY LORD, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

1. **Introduction.** Plaintiff Marvin D. Spady ("plaintiff"), a pretrial detainee at the James T. Vaughn Correctional Center, Smyrna, Delaware, proceeds pro se and has been granted in forma pauperis status. He filed this complaint pursuant to 42 U.S.C. § 1983 claiming violations of his constitutional rights.[1] (D.I. 1)

2. **Standard of Review.** A federal court may properly dismiss an action sua sponte under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. *Phillips*

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

*v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

3. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); see, e.g., *Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

4. The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the court must grant plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

2

5. A well-pleaded complaint must contain more than mere labels and conclusions. See Ashcroft v. Iqbal, 556 U.S. 662 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. See Johnson v. City of Shelby, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. See id. at 346.

6. Under the pleading regime established by Twombly and Iqbal, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. Connelly v. Lane Const. Corp., 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotations omitted). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. Iqbal, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

7. **Allegations in the Complaint.** On May 6, 2014, plaintiff was indicted and charged with drug dealing, conspiracy second degree, possession of marijuana, and possession of drug paraphernalia. Plaintiff was arrested at the Traveler Inn Motel on May 16, 2014, when defendants Dwight Young ("Young"), patrolman Maloney ("Maloney"), and patrolman O'Hern ("O'Hern") served a search warrant obtained by

3

defendant Timothy Lord ("Lord"). Plaintiff is currently incarcerated awaiting trial in the Superior Court in and for Kent County, Delaware.

8. Plaintiff's trial has been continued a number of times. Plaintiff alleges a violation of his right to a speedy trial. He filed a motion to dismiss the criminal charges against him due to the violation of his right to a speedy trial, but the motion was denied. See State v. Spady, 2015 WL 6438751 (Del. Super. Oct. 12, 2015) Ultimately, the trial was set to begin on October 7, 2015, but plaintiff alleges it did not take place when defendant attorney general Gregory Babowal ("Babolwal") did not prosecute or proceed to trial due to an order entered that day.

9. Plaintiff alleges violations of his Sixth and Fourteenth Amendment right to a speedy trial. He claims that Babowal delayed in bringing him to trial and that the delay occurred because Lord and Babowal did not disclose confidential informants. In turn, plaintiff alleges, this resulted in the suppression of evidence, the State failed to prosecute, and a new trial date was set. The complaint contains no allegations to explain how Maloney, Young, or O'Hern's actions allegedly affected plaintiff's right to a speedy trial.

10. Some of the criminal charges against plaintiff were dismissed, and a new trial date was set for November 2, 2015. Plaintiff filed the instant complaint on October 27, 2015.[2] Plaintiff seeks compensatory damages for illegal detention.

---

[2]The filing date is calculated pursuant to the prison mailbox rule. See Houston v. Lack, 487 U.S. 266 (1988), Burns v. Morton, 134 F.3d 109, 112 (3d Cir. 1998); Gibbs v. Decker, 234 F. Supp. 2d 458, 463 (D. Del. 2002).

11. **Discussion**. Plaintiff's speedy trial claim is not cognizable under § 1983. A civil rights action is a proper remedy for a prisoner who claims that his conditions of confinement violate the Constitution, but who is not challenging the fact or length of his custody. *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973). *See also Boykin v. Siena House Gaudenzia Program*, 464 F. Supp. 2d 416, 424 (M.D. Pa. 2006) (". . . it is well-settled that prisoners cannot use § 1983 to challenge the fact or duration of their confinement or to seek immediate or speedier release") (citing *Preiser*, 411 U.S. at 499). Here, plaintiff complains of the duration of his custody. Moreover, plaintiff cannot recover damages stemming from his challenged imprisonment until he can show that any conviction and sentence he may receive as a result of his challenged incarceration has been invalidated or overturned via state court appeals or a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

12. Additionally, the abstention doctrine as defined in *Younger v. Harris*, 401 U.S. 37 (1971), provides that federal courts are not to interfere with pending state criminal proceedings. Notably, plaintiff has adequate state court remedies to seek expediency in the pending criminal case against him in Kent County. Plaintiff's remedy for a speedy trial violation lies within the Delaware criminal case, "not . . . a separate private civil cause of action for pursuing sanctions." *Rockwell v. Adams*, 2014 WL 2779009, at *4 (S.D.W. Va. June 19, 2014) (prisoner's civil action based on speedy trial violation dismissed); *see Moore v. DeYoung*, 515 F.2d 437, 441 (3d Cir. 1975) (speedy trial violations addressed in court where criminal case pending).

13. With regard to Babowal, the claims are legally frivolous. Babowal has absolute prosecutorial immunity based on the manner in which he handled, or failed to handle, plaintiff's case in court. See *Imbler v. Pactman*, 424 U.S. 409, 431 (1976) ("[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983."); *Santos v. New Jersey*, 393 F. App'x 893, 894 (3d Cir. 2010) (per curiam) (unpublished) ("[E]ven if [plaintiff] could show that the alleged delays in his case were based on administrative rather than judicial considerations of the prosecutor, the doctrine of absolute immunity would apply." (citing *Van de Kamp v. Goldstein*, 555 U.S. 335, 344 (2009)).

14. **Conclusion.** For the above reasons, the court will dismiss the action as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915(A)(b)(1). The court finds amendment futile. A separate order shall issue.

Dated: February 5, 2016

UNITED STATES DISTRICT JUDGE